IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 29, 2012 Session

## STATE OF TENNESSEE EX REL. HEATHER JUNGHANEL
## v. ANDRES HERNANDEZ

**Appeal from the General Sessions Court for Bradley County**
**No. 2606     Daniel Swafford, Judge**

_____

**No. E2011-02619-COA-R3-CV-FILED-SEPTEMBER 26, 2012**

_____

Andres Hernandez ("Father") filed a petition seeking to terminate his child support obligation. The Trial Court held a hearing and entered an order on March 17, 2011 awarding a judgment against Father of $5,726.47 in child support arrearages but also providing for further hearing for a full review and calculation of arrearages. The case subsequently was heard before a Special Master who found that Heather Junghanel ("Mother") was entitled to a judgment against Father of $21,976.27 in child support arrearages. Father appealed the Special Master's report to the Trial Court. The Trial Court found that the March 17, 2011 order was a final order and awarded a judgment against Father of $5,726.47 in child support arrearages. The State of Tennessee *ex rel.* Mother appeals to this Court arguing that the Trial Court improperly retroactively modified Father's child support obligation. We find and hold that the Trial Court erred in holding that the March 17, 2011 order was a final order. We vacate the Trial Court's September 20, 2011 order and remand this case to the Trial Court for a hearing on Father's objections to the Special Master's report.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court**
**Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Warren Jasper, Senior Counsel, for the appellant, State of Tennessee ex rel. Heather Junghanel.

Philip M. Jacobs, Cleveland, Tennessee, for the appellee, Andres Hernandez.

# OPINION

## Background

Mother and Father were divorced in May of 1997. The parties' Divorce Decree awarded Mother primary custody of the parties' three minor children with Father to have visitation. Father was ordered to pay child support in the amount of $125 per week.

In July of 1999, Mother filed a Petition for Civil Contempt alleging that Father was in contempt of court for refusing to pay child support as ordered. The Trial Court entered an order on March 3, 2000 awarding Mother a judgment against Father of $3,595.00 for child support arrearages through October 8, 1999. In June of 2009, Mother filed a Petition for Contempt alleging that Father was in contempt for failing to provide medical insurance coverage as ordered.

Father filed a Petition seeking to terminate his support obligation[1]. After a hearing the Trial Court entered an order on March 17, 2011 finding and holding, *inter alia*:

> Currently, the Court has no proof of service on [Mother] and case will be continued to April 5, 2011 to allow for service. Pending further hearings, income assignment shall be terminated and child support office shall complete a full review and calculation of arrears on this case.

> \* \* \*

> 1. A judgment of $5,726.47 shall be entered against [Father], this sum representing child support arrearage, including prior judgments, without clerk's fee, now owed on this obligation to date.

> \* \* \*

> 5. This cause shall be reviewed as needed / April 5, 2011.

---

[1]We are unable to tell from the record now before us the date that Father filed his petition. Father, however, asserts in his Supplemental Statement of the Evidence, which was approved by the Trial Court, that he filed his petition on February 11, 2011.

On April 5, 2011 Father's petition to terminate support was heard before a Special Master. The Special Master entered a report[2] on April 12, 2011 finding, *inter alia*:

[Father] testified that since the entry of the Divorce Decree child Andres emancipated and that he gained custody of child Joshua May 17, 2005. None of these facts were disputed by any party.

[Father] further testified that he and [Mother] had a verbal agreement in November 2007 that he would not [sic] longer pay current child support and that [Mother] closed her case for enforcement purposes with Child Support Services at said time. Testimony of all parties and a review of the record revealed that there has never been a pleading filed to modify or terminate the support obligation and a court order to terminate such obligation was never entered with the Court. [Mother] testified that she received no support for the child Stephanie who has remained in her custody from the date of divorce to the present.

Based on the testimony of all parties and a review of the record, the Court finds no court order to terminate or modify support has ever been entered in this matter and therefore the current support obligation of $125.00 per week ($541.66 per month) remained in effect and shall remain in effect until May 14, 2011 when child Stephanie graduates from high school. Pursuant to T.C.A. § 36-5-101(f)(1) that "If the full amount of child support is not paid by the date when the ordered support is due, the unpaid amount is in arrears, shall become a judgment for the unpaid amounts …", therefore taking into account all payments made by [Father] through Central Receipting and a charge of $125.00 per week current support from the divorce to present [Mother] is entitled to a judgment of arrears totaling $21,976.27. [Father] shall pay $541.66 per month in current support until May 14, 2011 when child emancipates at which point [Father] shall continue to pay $541.66 per month until judgment is paid in full.

Upon the Court's announcement of its ruling [Father] became agitated and began a fit of verbal outbursts. [Father] was found in contempt of court for his unruly behavior and disrespect of the Court and sentenced to serve 5 days.

---

[2]The Special Master mistakenly believed he was sitting as a Special Judge and entered an order. The Trial Court subsequently determined that a Special Judge had not properly been appointed and that the Special Master had heard the case as a referee. In this Opinion, we refer to the order entered by the Special Master as a report.

Father appealed the Special Master's report to the Trial Court. The Trial Court held a hearing and then entered its order on September 20, 2011 finding and holding, *inter alia*:

This matter is properly before this Court on appeal of the Magistrate's ruling. This Court finds that the February 22, 2011 order[3] has contradictory language and based on the totality of the circumstances this Court finds that judgment should be issued against [Father] in the amount of $5,726.47 pursuant to the February 22, 2011 [sic]. Child Support Services can pursue any unpaid child support for the period of time between February 22, 2011 and when the child aged out, however, [Father] should be given credit for any payment that he has made since [Mother] filed her Petition, including but not limited to, monthly payments and any intercepts.

The State appeals.

## **Discussion**

The State raises one issue on appeal regarding whether the Trial Court erred in forgiving in excess of $20,000 in child support arrearages. The dispositive issue in this appeal, however, is whether the Trial Court erred in holding that the March 17, 2011 order was a final order. If the Trial Court correctly held that the March 17, 2011 order was a final order, then the proceedings before the Special Master finding child support arrearages in excess of $20,000, which occurred after entry of the March 17, 2011 order, were for naught.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

The September 20, 2011 order appealed from in this case orders that the judgment imposed in the March 17, 2011 order shall be the judgment of the Trial Court. In its September 20, 2011 order, the Trial Court noted that the matter was before the Trial Court on appeal of the Special Master's report. The Trial Court, however, discussed instead the March 17, 2011 order and not the Special Master's report. Furthermore, we are unclear as

---

[3]February 22, 2011 was the date of the hearing. The order from that hearing was entered on March 17, 2011.

to what the Trial Court meant in its September 20, 2011 order by the "totality of the circumstances," particularly since the Trial Court took no evidence during the hearing on Father's objections to the Special Master's report. While it is difficult to determine the reasoning behind the Trial Court's September 20, 2011 order, it appears from the record before us that the Trial Court held that the March 17, 2011 order was a final order, which would have rendered the proceedings before the Special Master, at best, improper and immaterial. Apparently because the Trial Court held the March 17, 2011 order to be a final order, the Trial Court never addressed the merits of Father's objections to the Special Master's report.

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008), *no appl. perm. appeal filed*.

The Trial Court's March 17, 2011 order states that "the Court has no proof of service on [Mother] and case will be continued to April 5, 2011 to allow for service." While certainly not a model of clarity, the Trial Court's March 17, 2011 order by its own terms provides for further hearing for "a full review and calculation of arrears on this case," and even sets a date, i.e., April 5, 2011, for this further hearing after service on Mother. As the March 17, 2011 order contemplates further review and further hearing concerning the arrears after service on Mother, it clearly does not resolve "all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d at 645. As such, it was error to hold that the March 17, 2011 order was a final order. We, therefore, vacate the Trial Court's September 20, 2011 order and remand this case to the Trial Court for a full hearing on the objections to the Special Master's report.

### Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellee, Andres Hernandez.

_____
D. MICHAEL SWINEY, JUDGE

-5-